**EN XIAO, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

No. 07–0206–ag.

United States Court of Appeals, Second Circuit.

July 10, 2007.

David A. Bredin, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Richard M., Evans, Assistant Director; Marion E. Guyton, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner En Xiao, a native and citizen of the People's Republic of China, seeks review of a December 22, 2006 order of the BIA affirming the April 27, 2005 decision of Immigration Judge ("IJ") Douglas Schoppert denying Xiao's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re En Xiao*, No. A 97 951 520 (B.I.A. Dec. 22, 2006), *aff'g* No. A 97 951 520 (Immig. Ct. N.Y. City, Apr. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the IJ's adverse credibility finding. The IJ accurately observed that Xiao testified that the priest who gave mass at his home in September 2003 avoided arrest after Xiao urged him to leave. However, as the IJ also noted, Xiao stated in his written application that the priest and his parents were

among those arrested at his home. Given that this incident allegedly spurred Xiao's flight from China, the IJ reasonably expected him to "have an accurate recollection" of it. Moreover, the IJ appropriately rejected Xiao's explanation for the discrepancy between his testimony and his written application—that he "didn't remember [ ] correctly" whether the priest had been arrested because he was "too nervous." *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Because this substantial inconsistency was material to Xiao's claim, it supported the BIA's and IJ's adverse credibility findings. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

In light of the IJ's proper adverse credibility finding, denial of asylum based on Xiao's practice of Catholicism in China was supported by substantial evidence. Thus, we need not reach the IJ's additional credibility findings.

Additionally, the record supports the IJ's finding that, even assuming that Xiao practiced Catholicism in the United States, he failed to establish a well-founded fear of persecution in China. The IJ reasonably found that Xiao's testimony that his parents and sister practiced Catholicism in China undermined his claim, given that he was found not credible as to the events that transpired in China. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in applicant's native country, claim of well-founded fear was diminished).

Further, the IJ properly found that the background materials did not establish that any persecution of Catholics was "suf-ficiently widespread" to constitute a pattern or practice of persecution. 8 C.F.R. § 208.13(b)(2)(iii)(A). Although some of the evidence reflects the mistreatment of some Catholics in China, in light of the IJ's adverse credibility finding, they do not compel a reasonable adjudicator to conclude contrary to the IJ that Xiao's fear of persecution is objectively well-founded. 8 U.S.C. § 1252(b)(4)(B). As such, the IJ's denial of Xiao's asylum claim was supported by substantial evidence.

Because the only evidence of a threat to Xiao's life or freedom or likelihood of torture with regard to his claim based on religion depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Lastly, we decline to review any argument that Xiao is eligible for CAT relief based on his alleged illegal departure from China, because he failed to exhaust this issue before the IJ. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 (2d Cir.2007) (describing issue exhaustion as "mandatory," but holding that it was not a statutory jurisdictional requirement).

For the foregoing reasons, the petition for review is DENIED.